UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal No. 3:01CR00056(EBB) |
| v. | : |
| | : |
| KEITH ROBERTSON | : December 16, 2004 |

### GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE

Pursuant to Section 5K1.1 of the Sentencing Guidelines, the United States moves the Court to depart downward from the defendant Keith Robertson's applicable sentencing guidelines range inasmuch as the defendant has provided substantial assistance in the investigation and prosecution of other persons who have committed offenses. The grounds to support the granting of this motion are set forth in the Government's Memorandum in Support of Motion for Downward Departure.

Respectfully submitted,

JOHN H. DURHAM
ACTING UNITED STATES ATTORNEY

NORA R. DANNEHY
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. ct01942
450 MAIN STREET, ROOM 328
HARTFORD, CT  06103
(860) 947-1101


WILLIAM J. NARDINI
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct16012
157 Church Street, 23d Floor
New Haven, CT  06510
(203) 821-3700
fax 203-773-5378
william.nardini@usdoj.gov

CERTIFICATION OF SERVICE

This is to certify that a copy of the within and foregoing has been mailed, first class, postage prepaid, this 16th day of December 2004 to:

Alan Sobol, Esq.
280 Trumbull Street
Hartford, Connecticut 06103-3598

Probation Officer Joseph Zampano
U.S. Probation Office
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

_____
WILLIAM J. NARDINI
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 3:01CR56 (EBB) |
| v. | : | |
| | : | |
| KEITH ROBERTSON | : | December 16, 2004 |

**GOVERNMENT'S MEMORANDUM
IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE**

Pursuant to Section 5K1.1 of the United States Sentencing Guidelines, the Government requests that the Court impose a sentence of imprisonment below applicable sentencing guideline range of the defendant, Keith Robertson, in that he provided substantial assistance to the government in the investigation and prosecution of the following person: Ben F. Andrews. The nature, extent and significance of the defendant's cooperation are detailed below.

**I. Introduction**

Paul J. Silvester was the Connecticut State Treasurer from July 22, 1997, until January 6, 1999. When Christopher Burnham resigned as treasurer, Governor Rowland appointed Silvester to serve out the remaining term. Silvester ran for the position in 1998 but was defeated on November 3, 1998, by the current Connecticut State Treasurer Denise Nappier.

As the Connecticut State Treasurer, Silvester was the sole fiduciary for Connecticut's Plans and Trust Fund, and only his signature was necessary to authorize the investment of millions of dollars of state pension assets. The clients of the Pension Fund included approximately 150,000 teachers as well as state and municipal employees. Silvester corruptly

exercised this authority by soliciting bribes and kickbacks in return for the investment of state pension assets in certain private equity funds.[1]

On September 23, 1999, Silvester pleaded guilty to racketeering in violation of 18 U.S.C. § 1962(c) and conspiracy to money launder in violation of 18 U.S.C. § 1956(h).  In pleading guilty, Silvester acknowledged that with others, he formed a racketeering enterprise which used the Connecticut State Treasurer's Office to enrich its members through the improper exercise of Silvester's official position and with the intent to deceive the citizenry of Connecticut.  Silvester admitted, as part of his guilty plea, that he was influenced to invest pension assets with certain investment funds in order to enrich both himself and others, including Ben Andrews.

Ben Andrews ran for the position of Secretary of State in the November 1998 election. He ran on the same ticket as Paul Silvester and was also defeated.  From approximately June 1998 through October 1998, the defendant Keith Robertson worked as campaign manager on Andrews' campaign for Connecticut State Treasurer.  On February 21, 2001, Robertson pled guilty to a one count information charging him with a tax misdemeanor of failing to provide information to the Internal Revenue Service in violation of Title 26 U.S.C. § 7203.  As part of the plea, Robertson admitted that between approximately July 1998 and October 1998, the Committee to Elect Andrews paid him five checks, totaling $9500,  as consulting fees. Robertson also admitted that he never received a 1099 from the campaign and that he failed to report the income on his 1998 tax return, Form 1040.  On February 28, 2001, Robertson also

---

[1] A private equity fund is an externally managed fund investing in equity-like securities of developing companies in need of growth or expansion capital as well as in selected equity opportunities in mature industries.

entered into a cooperation agreement with the Government and subsequently testified at Ben Andrews' trial.

On January 9, 2001, a grand jury returned a superseding indictment against Ben Andrews and others. Andrews was charged with RICO, RICO Conspiracy, Mail/Wire Fraud Theft of Honest Services, Bribery, Money Laundering, Making a False Statement, and Obstruction of Justice. Prior to trial, the Government dismissed the RICO and RICO Conspiracy counts against Andrews. A jury convicted Andrews on October 29, 2003 of the following: Bribery (Counts 3, 7 ); Mail/Wire Fraud (Counts 4-6, 8-9); False Statement (Count 12); and Money Laundering (Count 13); and The jury acquitted the defendant of Obstruction of Justice. The defendant Keith Robertson's testimony was relevant to the Obstruction of Justice Charge as described below.

There was strong proof at Andrews' trial that he used straw contributors to make donations to Silvester's campaign. Silvester testified at Andrews' trial that Andrews organized a fundraiser for him in May 1998 at the Wadsworth Atheneum in Hartford, after Silvester had arranged for Andrews to receive a consulting contract from a private equity firm. After the fundraiser, Andrews told Silvester that additional money for Silvester's campaign would be forthcoming. Silvester understood this to mean that Andrews intended to make so-called straw contributions, by providing money to others to make contributions. Andrews himself was prohibited from contributing to Silvester's campaign because he did business with the Treasurer's Office. Four individuals testified at Andrews' trial about making contributions to Silvester's campaign: Keith Robertson, Jill Chmieleski, Robin Condon, and Jeffrey Reynolds.

Robertson testified that Andrews gave him $1500 in cash on about July 2, 1998. Robertson gave the cash to a friend, Jeffery Reynolds, who made a contribution to Silvester's

campaign for $1500. Reynolds confirmed that Robertson gave him cash and asked him to contribute to Silvester's campaign. Chmieleski, who worked as Andrews' campaign coordinator, testified that Andrews also gave her cash on two occasions, one of which was on approximately July 1, 1998. According to Chmieleski, Andrews gave her $1500 in cash and asked her to split it up among other donors. Chmieleski wrote a check to Silvester's campaign for $1000 and gave $500 in cash to her friend Robin Condon to make a contribution. Condon subsequently wrote a check for $500 to the Silvester campaign. Finally, bank records reflect that Andrews cashed a check made payable to cash for $3,000 on July 2, 1998.

Chmieleski also testified that, after the start of the grand jury investigation, she contacted Andrews to inform him that federal agents were trying to contact her. She reminded Andrews of the straw contributions. Andrews responded that Condon had to tell the federal agents that she had donated her own money to the Silvester campaign and that he had wanted to make the contribution. Chmieleski understood that she was to pass this message to Condon. Chmieleski understood that Andrews wanted her to tell the agents the same story.

Pursuant to U.S.S.G. § 2T1.1, the Probation Office has calculated the defendant's adjusted offense level to be 5, and his criminal history category to be I, resulting in a sentencing imprisonment range of 0-6 months and a fine range of $ 250 to $ 5,000. The defendant is presently scheduled to be sentenced on December 21, 2004.

## II. Discussion

Section 5K1.1 of the Sentencing Guidelines permits the Court to impose a sentence of imprisonment below a defendant's applicable Sentencing Guideline range

> [u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense . . . .

U.S.S.G. § 5K1.1. The decision whether to make a motion for downward departure rests exclusively with the government. U.S.S.G. § 5K1.1; United States v. Garcia, 926 F.2d 125, 128 (2d Cir. 1990) (quoting United States v. Rexach, 896 F.2d 710, 714 (2d Cir. 1990)); United States v. Huerta, 878 F.2d 89 (3d Cir. 1989). The Court in Huerta observed that the question of "substantial assistance" is "self evidently a question that the prosecution is uniquely fit to resolve." Id. at 92. Section 5K1.1(a) provides that the appropriate reduction shall be determined by the Court based upon, but not limited to, the following considerations:

   (1)   the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

   (2)   the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

   (3)   the nature and extent of the defendant's assistance;

   (4)   the timeliness of the defendant's assistance; and

   (5)   any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance.[2]

These criteria are addressed below.

   **A)   Nature and Extent of the Defendant's Assistance**

Keith Robertson cooperated with the Government, provided relevant information and testified at Andrews' trial.

---

[2] The government is unaware of any danger to Robertson or his family as a result of his substantial assistance.

**B)** **Significance and Usefulness of the Defendant's Assistance**

Robertson's assistance to the government was helpful. Although a very minor witness at trial, the defendant testified regarding his involvement in a scheme to assist Paul Silvester's campaign through illegal contributions. The evidence was offered in the obstruction of justice charge as well as evidence of the scheme to defraud. Although the jury acquitted Andrews on the obstruction of justice charge, the defendant testified truthfully about his role in the scheme.

**C)** **Truthfulness and Reliability of the Defendant's Information and Testimony**

In the government's view, the information provided by Robertson regarding the unlawful campaign contributions was complete, truthful and reliable. His testimony was substantially corroborated by other witnesses, including Reynolds.

**D)** **Timeliness of the Defendant's Assistance**

The defendant provided timely information to the Government.

### III. Conclusion

Pursuant to U.S.S.G. § 5K1.1, the government respectfully requests that the Court downwardly depart from the applicable sentencing guidelines range of the defendant, Keith

Robertson, to reflect the assistance that he provided to the government in connection with the investigation and prosecution of Ben Andrews.

                                        Respectfully submitted,

                                        JOHN H. DURHAM
                                        ACTING UNITED STATES ATTORNEY

                                        NORA R. DANNEHY
                                        ASSISTANT  UNITED STATES ATTORNEY
                                        FEDERAL BAR NO. ct01942
                                        450 MAIN STREET
                                        HARTFORD, CT 06103
                                        (860) 947-1101

                                        WILLIAM J. NARDINI
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Fed. Bar No. ct16012
                                        157 Church Street, 23d Floor
                                        New Haven, CT  06510
                                        (203) 821-3700

## CERTIFICATION OF SERVICE

This is to certify that a copy of the within and foregoing has been mailed, first class, postage prepaid, this 16th day of December 2004 to:

| | |
|---|---|
| Alan Sobol, Esq. | Probation Officer Joseph Zampano |
| 280 Trumbull Street | U.S. Probation Office |
| Hartford, Connecticut  06103-3598 | 915 Lafayette Boulevard |
| | Bridgeport, Connecticut 06604 |

                                        _____
                                        WILLIAM J. NARDINI
                                        ASSISTANT UNITED STATES ATTORNEY